UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HAWKINS,<br><br>          Plaintiff,<br><br>    v.<br><br>M. WINKFIELD, et al.,<br><br>          Defendants. | No.  2:19-cv-1228 KJN P<br><br><br>ORDER |

I. Introduction

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4           As discussed below, plaintiff's complaint is dismissed with leave to amend.

5   II.  Screening Standards

6           The court is required to screen complaints brought by prisoners seeking relief against a

7   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

26  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

27  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

28  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

(2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III.  Plaintiff's Complaint

        Plaintiff alleges that while en route to the law library, he was pepper sprayed, handcuffed,

and beaten excessively by defendants.  (ECF No. 1 at 3.)  Plaintiff states he had important

business in the law library, is an A1-A programmer at all times, and believes he was singled out

for being positive and drug-free.  Plaintiff also claims he was placed in administrative

segregation, causing him to lose (a) contact with his attorney in ongoing sanity proceedings,

(b) access to plaintiff's legal property, and (c) access to a phone, which resulted in plaintiff

missing his court deadline and losing his sanity case.  As relief, plaintiff seeks costs, money

damages, asks to have his "sanity case picked back up," and to have the correctional officer

defendants fired.

IV.  Discussion

        First, the court observes that plaintiff checked many boxes on the form complaint that do

not appear to relate to the allegations set forth above.  For example, plaintiff marks "basic

necessities," "mail," "medical care," "property," "threat to safety," "exercise of religion,"

"disciplinary proceedings," and "retaliation."  (ECF No. 1 at 3, 4, 5.)  Plaintiff's allegations

suggest that plaintiff may be able to state cognizable civil rights claims based on the use of

excessive force and interference with plaintiff's right to access the courts, but he fails to allege

sufficient facts to support the other causes of action for which he marked the boxes on the court's

form, or to enable the court to determine whether his excessive force claims are related to his

access to the courts claim.

        Second, plaintiff must link each named defendant with specific facts demonstrating the

alleged constitutional violation.  The Civil Rights Act under which this action was filed provides

3

1 as follows:

2                 Every person who, under color of [state law] . . . subjects, or causes

3                 to be subjected, any citizen of the United States . . . to the deprivation
of any rights, privileges, or immunities secured by the Constitution .

4                 . . shall be liable to the party injured in an action at law, suit in equity,
or other proper proceeding for redress.

5 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

6 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

7 Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

8 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

9 affirmative link between the incidents of police misconduct and the adoption of any plan or policy

10 demonstrating their authorization or approval of such misconduct). "A person 'subjects' another

11 to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative

12 act, participates in another's affirmative acts or omits to perform an act which he is legally

13 required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588

14 F.2d 740, 743 (9th Cir. 1978). Thus, plaintiff must provide specific facts as to each named

15 defendant's link to the alleged constitutional violation.

16         Third, with regard to plaintiff's claim of excessive force, plaintiff must provide additional

17 facts, specifically setting forth what each named defendant did or did not do that constitutes

18 excessive force. The unnecessary and wanton infliction of pain violates the Cruel and Unusual

19 Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992)

20 (citations omitted). For claims of excessive physical force, the issue is "whether force was

21 applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

22 cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent

23 of injury. . .[,] the need for application of force, the relationship between that need and the

24 amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any

25 efforts made to temper the severity of a forceful response.' " Id. (quoting Whitley v. Albers, 475

26 U.S. 1078, 1085 (1986)).

27         Fourth, it is well settled that plaintiff may not proceed with various unrelated claims

28 against separate defendants:

4

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The question of whether plaintiff was subsequently denied access to the courts after he was housed in administrative segregation is separate, both legally and factually, from the question of whether a particular defendant used excessive force on plaintiff when he was en route to the prison law library. Thus, these claims cannot be litigated jointly unless both claims are against all of the same defendants.

Fifth, in his complaint, plaintiff mentions retaliation as well as a need for medical care. Plaintiff does not allege sufficient facts to support a civil rights claim for retaliation or medical care, but sets forth below the standards governing such claims should plaintiff choose to pursue them in a separate action.

Eighth Amendment Medical Care Claim

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. In applying this

5

standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06).

Claim of Retaliation

When a prisoner claims retaliation, he must allege facts sufficient to show that: "(1) 'a state actor took some adverse action . . . (2) because of (3) [the] prisoner's protected conduct, . . . that such action (4) chilled [the] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.'" Shepard v. Quillen, 840 F.3d 686, 688 (9th Cir. 2016) (quoting Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted)).

"Of fundamental import to prisoners is their First Amendment 'right[s] to file prison grievances,' and to 'pursue civil litigation in the courts.'" Rhodes, 408 F.3d at 567 (quoting Bruce, 351 F.3d at 1288; Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995)). "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012), citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

V. Conclusion

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief, although it appears plaintiff may be able to amend to state a cognizable excessive force claim under the Eighth Amendment. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will,

1   however, grant leave to file an amended complaint.  Plaintiff is granted leave to amend his

2   complaint to pursue his Eighth Amendment claims of excessive force against the appropriate

3   defendants.  Plaintiff must pursue any unrelated claims in a separate action.

4          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

5   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g.,

6   West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

7   each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

8   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

9   defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

10  F.2d 164, 167 (9th Cir. 1980).

11         Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[1]  See

12  Fed. R. Civ. P. 20(a)(2).  Plaintiff is cautioned that his continued violation of court orders may

13  result in the involuntary dismissal of this action.  Fed. R. Civ. P. 41(b).

14         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

15  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

16  complaint be complete in itself without reference to any prior pleading.  This requirement exists

17  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

18  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

19  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

20  omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

21  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

22  _____

23  [1]  As discussed above, a plaintiff may properly assert multiple claims against a single defendant.
    Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where
    "any right to relief is asserted against them jointly, severally, or in the alternative with respect to
24  or arising out of the same transaction, occurrence, or series of transactions and occurrences" and
    "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P.
25  20(a)(2).  Unrelated claims against different defendants must be pursued in separate lawsuits.  See
    George, 507 F.3d at 607.  This rule is intended "not only to prevent the sort of morass [a multiple
26  claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing
    fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals
27  that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."
28  George, 507 F.3d at 607.

7

and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: August 14, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hawk1228.14n

8

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEFF HAWKINS,                          No.  2:19-cv-1228 KJN P

12                 Plaintiff,

13         v.                               NOTICE OF AMENDMENT

14   M. WINKFIELD, et al.,

15                 Defendants.

16

17         Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19         _____         Amended Complaint
     DATED:
20

21                                 _____

22                                 Plaintiff

23

24

25

26

27

28