UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HAWKINS, | No.  2:19-cv-1228 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| M. WINKFIELD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, and is currently housed at the California Health Care Facility.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  On October 8, 2020, plaintiff filed a document styled, "Injunctive and Monetary Relief and Temporary Restraining Order."  (ECF No. 47.)  As discussed below, plaintiff's motion is denied without prejudice.

I.  Plaintiff's Complaint

Plaintiff alleges that on August 28, 2018, while housed at Mule Creek State Prison ("MCSP"), defendants Winkfield, Pendleton, Decker, Troncoso and Whipple used excessive force on plaintiff in violation of the Eighth Amendment.  (ECF No. 10 at 5.)  Plaintiff seeks medical treatment and money damages.  (ECF No. 10 at 6.)

II.  Plaintiff's Motion for Preliminary Relief

In his motion, plaintiff requests injunctive relief from defendants Winkfield, Pendleton, Decker, Troncoso and Whipple because these correctional officers "assaulted and beat . . .

1    plaintiff" on September 28, 2018, at MCSP.  (ECF No. 47 at 1.)  Despite a stay away order put in

2    place during the internal investigation, defendant Winkfield and Troncoso violated the stay away

3    order by being present at R&R while plaintiff was receiving a package:  Winkfield was standing

4    behind plaintiff; Troncoso had his back to the holding cell where inmates are held while receiving

5    packages.  On another occasion, defendant Pendleton was present at the gym door during a yard

6    search.  Plaintiff "feels" these officers will retaliate against plaintiff based on the 2018 assault and

7    their disregard for the stay away order.  (ECF No. 47 at 2.)  The violations of the stay away orders

8    took place on July 1, 2019, and December 1, 2019.  Plaintiff states he is "afraid of these

9    correctional officers and any other correctional officer he comes in contact with because of the

10   assault."  (ECF No. 47 at 2.)

11          Plaintiff also requests "injunctive monetary relief . . . for the assault/beating."  (Id.)

12          A.  Applicable Law

13          A temporary restraining order may issue upon a showing "that immediate and irreparable

14   injury, loss, or damage will result to the movant before the adverse party can be heard in

15   opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The purpose of such an order is to preserve the status

16   quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no

17   longer."  Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 439 (1974).  In

18   ruling on a motion for temporary restraining order, district courts apply the same factors used to

19   evaluate a request for preliminary injunctive relief:  whether plaintiff "is likely to succeed on the

20   merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of

21   equities tips in his favor, and . . . an injunction is in the public interest."  Winter v. Natural Res.

22   Def. Council, Inc., 555 U.S. 7, 20 (2008); see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.,

23   240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the

24   injunction and the TRO, we do not address the TRO separately.").

25          "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter,

26   555 U.S. at 24 (citation omitted).

27          Federal courts are courts of limited jurisdiction and in considering a request for

28   preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it

1   have before it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102 (1983);

2   Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S.

3   464, 471 (1982).  If the court does not have an actual case or controversy before it, it has no

4   power to hear the matter in question.  Id.  Further, requests for prospective relief are limited by 18

5   U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the

6   court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the

7   violation of the Federal right, and is the least intrusive means necessary to correct the violation of

8   the Federal right."

9        Finally, the pendency of an action does not give the court jurisdiction over prison officials

10   in general.  Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United

11   States, 599 F.3d 964, 969 (9th Cir. 2010).  The court's jurisdiction is limited to the parties in this

12   action and to the viable legal claims upon which this action is proceeding.  Summers, 555 U.S. at

13   491-93; Mayfield, 599 F.3d at 969.

14        B.  Discussion

15        Plaintiff's motion is insufficient because he fails to address all of the factors required

16   under Winter, 555 U.S. at 20.

17        In addition, plaintiff has not demonstrated that he is or will be subject to immediate and

18   irreparable harm if an injunction does not issue.  Plaintiff claims generally that he is afraid of the

19   defendant officers, as well as all correctional officers, based on the 2018 assault.  But plaintiff

20   articulates no facts demonstrating a threat of imminent or likely harm.  See Alliance for the Wild

21   Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) ("Under Winter, plaintiff[ ] must

22   establish that irreparable harm is likely, not just possible."); Goldie's Bookstore, Inc. v. Superior

23   Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute

24   irreparable injury."); Rigsby v. State, 2013 WL 1283778, at *5 (D. Ariz. Mar. 28, 2013) (denying

25   prisoner's TRO based on fear of potential future injury based on past assaults).  Indeed, plaintiff

26   is no longer housed at Mule Creek State Prison, and does not allege that any of the defendants

27   have been transferred to employment at California Health Care Facility where plaintiff is

28   presently housed.  A presently existing actual threat must be shown, even though injury need not

3

1    be certain to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31

2    (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997).

3           Moreover, to meet Rule 65's "irreparable injury" requirement, plaintiff must do more than

4    simply allege imminent harm; he must demonstrate it.  Caribbean Marine Servs. Co., Inc. v.

5    Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).  This requires he allege "specific facts in an

6    affidavit or a verified complaint [which] clearly show" a credible threat of "immediate and

7    irreparable injury, loss or damage."  Fed R. Civ. P. 65(b)(A).  "Speculative injury does not

8    constitute irreparable injury sufficient to warrant granting a preliminary injunction."  Caribbean

9    Marine, 844 F.2d at 674-75.  Just because certain defendants were standing near plaintiff while he

10   was housed at MCSP nearly a year after plaintiff was assaulted in 2018 does not demonstrate a

11   threat of irreparable injury in 2019, but certainly does not demonstrate such threat in October of

12   2020, following plaintiff's transfer to a different prison.  While the court is sympathetic to

13   plaintiff's fear of correctional officers based on the 2018 assault, plaintiff may not obtain

14   injunctive relief in this action based upon such generalized fear.

15          Finally, plaintiff may not obtain money damages through a motion for injunctive relief.

16   Rather, plaintiff has sought money damages through his amended complaint, and such request

17   will be decided upon resolution of this action.

18          For all of the above reasons, plaintiff's motion is denied without prejudice.

19          Accordingly, IT IS HEREBY ORDEREED that plaintiff's motion (ECF No. 47) is denied

20   without prejudice.

21   Dated:  October 13, 2020

22

23   /hawk1228.tro.pi

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

4