UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HAWKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. WINKFIELD, et al.,<br><br>　　　　Defendants. | No.  2:19-cv-1228 TLN KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  On February 16, 2021, plaintiff renewed his motion to compel; defendants filed an opposition; plaintiff did not file a reply.  As set forth below, plaintiff's motion is denied.

　　　　On February 16, 2021, plaintiff filed his third motion to compel.  In his two page motion, plaintiff claims he propounded interrogatories to each defendant, but "defendants either avoided questions or objected.  The questions were answered, are mostly objections." (ECF No. 72 at 1.)  Responses to use of force questions "are blacked out," and "only show the involvement with plaintiff." (Id.)  Questions regarding records, audio and video were answered with manuals of the State of California.  (ECF No. 72 at 2.)  As exhibits, plaintiff provided 173 pages of all the propounded interrogatories and responses, as well as the request for production of documents and

////

////

1

the documents provided, as well as a privilege log and supporting declaration.[1] (ECF No. 72 at 3-175.)

Defendants oppose plaintiff's motion on the grounds that plaintiff failed to identify specific discovery requests at issue and fails to meet his burden to demonstrate that further responses are required. Defendants object that defendants and the court are not required to scour all discovery requests and responses to determine whether further responses must be compelled.

II. Applicable Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

////

////

---

[1] Plaintiff noted that he sent the court his originals to avoid the risk of losing any pages in mailing to the law library. Because plaintiff will likely need such documents to continue litigating this case, the Clerk of the Court is directed to return plaintiff's original paper exhibits (ECF No. 72, pages 3 to 175) to plaintiff. The court retains scanned copies such filing and exhibits.

Discussion

Defendants' opposition is well-taken.  Plaintiff has filed two prior motions to compel. (ECF Nos. 64, 66.)  On February 4, 2021, plaintiff was advised that "generalized identification of the discovery requests is insufficient."  (ECF No. 65 at 2.)  Plaintiff was informed that he must provide with his motion a copy of each discovery request and response at issue.  (ECF No. 65 at 1.)  Specifically, plaintiff was informed that only "*that part* of the request for production, response or proof of service that is in issue shall be filed,'' quoting L.R. 205.3(c); Fed. R. Civ. P. 34.  (ECF No. 65 at 2 n.11) (emphasis added).  In other words, plaintiff must identify the specific discovery request he contends was inadequately answered, and for each such request, plaintiff must explain what response or part of the response is disputed, why plaintiff believes the response is deficient, why defendants' objection is not well-taken, and why the information sought is relevant.  McCoy, 2016 WL 3196738 at *1.  Plaintiff is not permitted to simply lodge one general objection to all of the discovery responses provided.

Because plaintiff was previously provided guidance as to how to file a motion to compel, and his prior motions suffered from the same defect, the court is reluctant to grant plaintiff another opportunity.  However, because plaintiff is proceeding pro se and filed his motion to compel within the discovery period, which expired on March 15, 2021, the court grants plaintiff one final opportunity to file a motion to compel in which he identifies each specific discovery request and response he challenges, and for each response he challenges, specifically addresses the five elements set forth above.  McCoy, 2018 WL 5858620 at *1.  The undersigned is not inclined to grant plaintiff additional time to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 72) is denied without prejudice.

2. Plaintiff is granted thirty days from the date of this order to renew his motion to compel.

////

////

////

3. The Clerk of the Court is directed to return plaintiff's original paper exhibits (ECF No. 72, pages 3 to 175) to plaintiff at his address of record.

Dated: March 30, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hawk1228.mtc3