UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF HAWKINS,

          Plaintiff,

   v.

M. WINKFIELD, et al.,

          Defendants.

No.  2:19-cv-1228 TLN KJN P

ORDER

      Plaintiff, a state prisoner, proceeds pro se with a civil rights action.  42 U.S.C. § 1983.  On April 19, 2021, plaintiff renewed his motion to compel; defendants filed an opposition; plaintiff did not file a reply.  As set forth below, plaintiff's motion is denied.

I.  Plaintiff's Amended Complaint

      This action proceeds solely on plaintiff's Eighth Amendment claims against defendants Winkfield, Pendleton, Decker, Troncoso and Whipple based on the alleged use of excessive force on September 28, 2018.[1]  (ECF No. 11.)

II.  Motion to Compel

     A.  Legal Standards Governing Motions to Compel

      Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.

_____

[1]  Plaintiff alleges the incident took place on August 28, 2018 (ECF No. 10 at 1-2), but his exhibits confirm it occurred on September 28, 2018 (ECF Nos. 10 at 5; 10-1 at 10, 16, 20, 27.).

1   37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or

2   incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have

3   'broad discretion to manage discovery and to control the course of litigation under Federal Rule

4   of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

5   Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

6        Plaintiff bears the burden of informing the court (1) which discovery requests are the

7   subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the

8   response is deficient, (4) why defendants' objections are not justified, and (5) why the

9   information he seeks through discovery is relevant to the prosecution of this action.  McCoy v.

10  Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4

11  (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his

12  motion to compel, and, for each disputed response, inform the court why the information sought

13  is relevant and why defendant's objections are not justified.").

14       B.  Background

15       Plaintiff filed three prior motions to compel.  (ECF Nos. 64, 66, 72.)  On February 4,

16  2021, plaintiff was advised that "generalized identification of the discovery requests is

17  insufficient," and he must provide with his motion a copy of each discovery request and response

18  at issue.  (ECF No. 65 at 1, 2.)  Specifically, plaintiff was informed that only "*that part* of the

19  request for production, response or proof of service that is in issue shall be filed,'' quoting L.R.

20  205.3(c); Fed. R. Civ. P. 34.  (ECF No. 65 at 2 n.11) (emphasis added).  On March 30, 2021, the

21  court explained that plaintiff must identify the specific discovery request he contends was

22  inadequately answered, and for each such request, plaintiff must explain what response or part of

23  the response is disputed, why plaintiff believes the response is deficient, why defendants'

24  objection is not well-taken, and why the information sought is relevant.  "Plaintiff is not permitted

25  to simply lodge one general objection to all of the discovery responses provided."  (ECF No. 75.)

26       On March 30, 2021, plaintiff was granted "one final opportunity to file a motion to

27  compel in which he identifies each specific discovery request and response he challenges, and for

28  each response he challenges, specifically addresses the five elements set forth above.  McCoy,

2

1   2018 WL 5858620 at *1." (ECF No. 75 at 3.)

2       C. <u>Discussion</u>

3       Once more, defendants' opposition is well-taken.  Despite this court's prior orders,

4   plaintiff's motion generally states he wants staff complaints filed by other inmates against

5   defendants concerning mistreatment,[2] but fails to identify which discovery requests he is

6   challenging, which responses are disputed, why he believes the response is deficient, why defendants'

7   objections are not justified, and why the information he seeks through discovery is relevant to the

8   prosecution of this action.  Plaintiff again appends over 170 pages of discovery requests,

9   responsive documents and a privilege log, which he appears to expect defendants and the court to

10  review in an effort to discern which response is inadequate.

11      Plaintiff's motion is insufficient to demonstrate that an order requiring further discovery

12  responses is warranted.  Plaintiff fails to meet his burden as the moving party.  <u>McCoy</u>, 2016 WL

13  3196738.  Further, plaintiff's motion claims he sought all grievances, complaints or other

14  documents received by defendants or their agents at Mule Creek since "before or after September

15  28, 2018," the date of the incident alleged herein.  (ECF No. 77 at 3.)  Such request is overbroad

16  and burdensome in that it is not limited as to time.

17      In their opposition, defendants identified requests for production Nos. 12 and 13 as

18  somewhat resembling the request discussed in plaintiff's motion.  (ECF No. 81 at 4-5, citing ECF

19  No. 77 at 67.)  Those requests sought any and all formal and informal written complaints alleging

20  excessive force against any defendant since before September 28, 2018, and against any Mule

21  Creek State Prison staff member during defendant Joe Lizarraga's employment as warden.  (ECF

22  No. 77 at 67-68.)  Defendants' objections that such requests are overbroad and unduly

23  burdensome are sustained.  In addition, defendants' objections that such requests seek improper

24  character evidence are also sustained.  Plaintiff fails to explain how such records are relevant to

25  any party's claim or defense in this action, except as inadmissible character evidence.  Plaintiff

26  contends that evidence of other incidents of abuse has been admitted as relevant to motive,

27  _____

28  [2]  As pointed out by defendants, plaintiff references "Item 1," which does not correspond to the
    first request for production request (ECF No. 77 at 62).

1  opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

2  (ECF No. 77 at 4.)  But, as argued by defendants, no such circumstances apply to plaintiff's

3  allegations in this case, which are limited to his claims that defendants used excessive force on

4  plaintiff on September 28, 2018.  (ECF No. 10.)

5       For all of the above reasons, plaintiff's motion is denied.

6       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 77)

7  is denied.

8  Dated:  June 11, 2021

9

10  /hawk1228.mtc4

               KENDALL J. NEWMAN
               UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28