UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HAWKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. WINKFIELD, et al.,<br><br>    Defendants. | No. 2:19-cv-1228 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, proceeds pro se and in forma pauperis with a civil rights action. 42 U.S.C. § 1983. On April 14, 2021, defendant Troncoso filed a motion to dismiss alleging that a suggestion of Troncoso's death was served and filed on plaintiff, and plaintiff failed to file a motion to substitute Troncoso's successor in interest. As set forth below, defendant Troncoso's motion should be granted.

I. Plaintiff's Amended Complaint

This action proceeds solely on plaintiff's Eighth Amendment claims against defendants Winkfield, Pendleton, Decker, Troncoso and Whipple based on the alleged use of excessive force on September 28, 2018.[1]  (ECF No. 11.)

////

---

[1] Plaintiff alleges the incident took place on August 28, 2018 (ECF No. 10 at 1-2), but his exhibits confirm it occurred on September 28, 2018 (ECF Nos. 10 at 5; 10-1, *passim*.).

1

## II. Rule 25

Rule 25 states:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25.

## III. Discussion

Defendant Troncoso died during the pendency of this action. (ECF No. 58.) On December 22, 2020, defendants filed a notice of suggestion of death on the record which identified defendant Troncoso's successors or representatives. (Id.) In such notice, plaintiff was also informed that he had ninety days in which to file a motion to substitute the successors or representations in this action. (Id.) The ninety-day period expired on March 22, 2021. Plaintiff has not filed a motion to substitute the successors or representatives.[2]

Plaintiff failed to comply with Rule 25 by timely filing a motion for substitution, or take any other action in response to the suggestion of death. Therefore, plaintiff's claims against defendant Troncoso should be dismissed under Rule 25(a)(1).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Troncoso's motion to dismiss (ECF No. 76) be granted; and

---

[2] In addition, despite being granted two extensions of time, plaintiff did not file an opposition to the motion to dismiss. Rather, on May 13, 2021, plaintiff filed a document entitled "Declaration in Opposition to Summary Judgment Motion of Defendant." (ECF No. 83.) However, his filing does not address the issue of defendant Troncoso's death, or the need for a motion for substitution, but rather addresses the merits of plaintiff's claims against all defendants. (ECF No. 83, *passim*.)

    2. Defendant Troncoso be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 25, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/hawk1228.mtd