1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEFF HAWKINS,                                  No.  2:19-cv-1228 TLN KJN P

12                      Plaintiff,

13          v.                                       ORDER

14   M. WINKFIELD, et al.,

15                      Defendants.

16

17          On May 17, 2021, defendants Decker, Pendleton, Whipple, and Winkfield[1] filed a motion

18   for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Plaintiff did not oppose

19   the motion.[2]

20          Local Rule 230(l) provides in part:  "Failure of the responding party to file written

21   opposition or to file a statement of no opposition may be deemed a waiver of any opposition to

22   the granting of the motion . . . ."  Id.  On May 17, 2021, plaintiff was advised of the requirements

23   _____

24   [1]  Defendant Troncoso is deceased.

25   [2]  On May 13, 2021, plaintiff filed a document styled, "Declaration in Opposition to Summary
     Judgment Motion of Defendant," in which he addresses the merits of his claims.  (ECF No. 83.)
26   However, plaintiff's document, signed on May 7 and 8, 2021, cannot be construed as addressing
     the pending motion for summary judgment because such motion was filed and served on May 17,
27   2021, after plaintiff's opposition was written and filed.  Plaintiff's earlier-filed opposition also
     cannot be construed as opposing the pending motion because such motion is based on plaintiff's
28   alleged failure to exhaust administrative remedies rather than the merits of this action.

                                                    1

for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Id.  In the order filed August 7, 2020, plaintiff was also advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed.  (ECF No. 37 at 8.)

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Good cause appearing, IT IS HEREBY ORDERED that, within thirty days from the date of this order, plaintiff shall file an opposition, if any, to the motion for summary judgment. Failure to file an opposition will be deemed as consent to have the:  (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order.  Such failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  June 28, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hawk1228.nop